IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID KUSEK,<br><br>      Plaintiff and<br>      Counter-Defendant,<br><br>vs.<br><br>PRINCIPAL FINANCIAL GROUP, A CORPORATION,<br><br>      Defendant,<br>      Counterclaimant,<br>      and Third-Party<br>      Plaintiff,<br><br>vs.<br><br>THE ESTATE OF KARLA KUSEK, et al.,<br><br>      Third-Party<br>      Defendants. | 8:16-CV-275<br><br>ORDER |

      This matter is before the Court on the parties' Stipulation for Entry of Decree of Interpleader (filing 37). The stipulation will be denied without prejudice. A brief recap of the procedural history of the case will explain why.

      The plaintiff, David Kusek, sued the defendant, Principal Life Insurance Company, asserting a claim for breach of an insurance policy arising out of failure to pay benefits due as a result of his wife's death. Filing 1-1. The defendant answered and asserted a counterclaim against the plaintiff, and a third-party claim against several third-party defendants: the decedent's estate and her children (and alternative heirs). Filing 6. The plaintiff answered the defendant's counterclaim, but did not assert a claim against the third-party defendants pursuant to Fed. R. Civ. P. 14(a)(3). Filing 27. Finally, the third-party defendants answered the defendant's third-party claim, but did not assert a claim against the plaintiff pursuant to Rule 14(a)(2)(D). Filing 32.

      So, at this point, three claims are presented by the parties' pleadings:

- The plaintiff's claims against the defendant,

- The defendant's counterclaim against the plaintiff, and

- The defendant's third-party claim against the third-party defendants.

The parties have stipulated that the defendant should be excused from this case "and shall be dismissed from this case with prejudice, and the remaining parties to this case shall litigate their claims." Filing 37 at 3. But what claims are those? It appears to the Court that Principal Life Insurance Company is either the sole defendant or sole plaintiff for *every* pending claim. If Principal is dismissed with prejudice, the remaining parties would have no claims pleaded against one another, leaving the Court with nothing to adjudge. *See United States v. Lushbough,* 200 F.2d 717, 721 (8th Cir. 1952).[1]

In short, dismissing the defendant from this case would functionally dismiss all the claims in this case. And it is evident that is not what the parties intend. Accordingly, the Court will deny the parties' stipulation without prejudice to reassertion after the parties have repleaded or realigned in a manner that would leave a pending claim following the defendant's dismissal from the action.

> IT IS ORDERED that the parties' Stipulation for Entry of Decree of Interpleader (filing 37) is denied without prejudice.

Dated this 22nd day of February, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court is aware that according to some courts, a formal amendment of plaintiff's complaint is not necessary if the parties actually treat each other in an adverse manner. Practice in Third-Party Actions—Plaintiff's Rights Against the Third-Party Defendant, 6 Fed. Prac. & Proc. Civ. § 1459 (3d ed.). But the Court is uncertain whether that practice extends to actually dismissing the third-party plaintiff from the case without any actual assertion of an adverse claim. And in any event, the Eighth Circuit's precedent suggests otherwise. *See Lushbough,* 200 F.2d at 721.